# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2281

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Melissa Rose LaDeaux, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 5, 2002

Filed:  December 6, 2002

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After her husband and some of his friends brutally beat her during a late-night brawl, Melissa Rose LaDeaux stabbed her husband, causing his death. A federal jury convicted LaDeaux of second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153 (2000). The district court sentenced LaDeaux to 135 months in prison and five years supervised release, and also ordered restitution of $4527.00 and a special assessment. LaDeaux appeals, contending the district court committed error when it refused her request to instruct the jury on self-defense. See United States v. Long Crow, 37 F.3d 1319, 1323 (8th Cir. 1994) (de novo review). We conclude LaDeaux

was entitled to a self-defense instruction because "'there [was] evidence upon which the jury could rationally' . . . . [find] that [LaDeaux] used 'such force that [she] reasonably believe[d] [was] necessary to protect [herself] from unlawful physical harm about to be inflicted upon [her] by another.'" Hall v. United States, 46 F.3d 855, 857 (8th Cir. 1995) (citations omitted).

When LaDeaux's husband did not come home for several hours after going out to run errands, she decided to look for him at a home owned by his former girlfriend's mother. Discovering her husband asleep on the floor in the girlfriend's bedroom, LaDeaux woke him by kicking him in the head. In the ensuing struggle, LaDeaux's husband ultimately prevailed by sitting on LaDeaux and repeatedly hitting her in the head and face. At this point, the homeowner entered the bedroom and fought with LaDeaux. While LaDeaux and the homeowner were struggling, the homeowner's son and the son's friend also entered the bedroom. The son struck LaDeaux with a cast iron poker and cut her hand with the blade of his pocketknife. Not to be outdone, the son's friend kicked LaDeaux in the head. LaDeaux's husband left the bedroom and the house while LaDeaux was fighting with the three other people. When the fighting tapered off, LaDeaux left the bedroom and armed herself with a knife as she passed through the kitchen on her way out of the house.

The parties disagree about the remaining events. From LaDeaux's standpoint, she left the house and headed toward a friend's car to leave, but was confronted by her husband and fatally stabbed him. The government asserts its evidence shows LaDeaux's husband and his friend had decided to leave when LaDeaux ran out of the house with the knife in her hand, chased her husband when he ran away from her, and stabbed him. We must view the evidence in the light most favorable to LaDeaux. Agape Baptist Church, Inc. v. Church Mut. Ins. Co., 299 F.3d 701, 704 (8th Cir. 2002). Having done so, we believe the violence inside the house gave LaDeaux reason to fear for her safety and arm herself with a knife before leaving the house, and it was for the jury to decide whether LaDeaux could reasonably believe it was

necessary to stab her husband to protect herself from imminent physical harm.  Thus, the district court committed error when it refused to instruct the jury on self-defense.  On retrial, the jury must determine the facts and then decide whether LaDeaux was acting in self-defense.

Because LaDeaux's remaining contentions may not arise on retrial, we decline to consider them.  Accordingly, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.